## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDI R. HARTFIELD** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:22-cv-316-HSO-LGI** |
| | § | |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY** | § | **DEFENDANT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [18] REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT [1]

This matter comes before the Court on the Report and Recommendation [18] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on January 30, 2024.   The Magistrate Judge recommended that the Court affirm the Commissioner of Social Security's ("Commissioner") decision to deny Plaintiff Brandi R. Hartfield's ("Plaintiff" or "Hartfield") claim for Social Security disability benefits.   Plaintiff filed an Objection [19] to the Report and Recommendation [18] on February 13, 2024.   Obj. [19].   After due consideration of the Magistrate Judge's Report and Recommendation [18], the record, the Objection [19], and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [18] should be adopted, Plaintiff's Complaint [1] should be dismissed with prejudice, and the Commissioner of Social Security's decision should be affirmed.

I.   BACKGROUND

Plaintiff Brandi R. Hartfield filed a Title II Social Security disability application on September 28, 2020, in which she claimed she was entitled to benefits from July 16, 2016, through December 31, 2020, citing headaches, joint pain, back and neck conditions, and muscle spasms.   Doc. [8] at 22–23, R. & R. [18] at 1.   She based her claim in part on a medical source statement—that is, a medical opinion the claimant provides that the Commissioner must consider in determining her eligibility for benefits, *see* 20 C.F.R. § 404.1520c(a)—written by one of her treating physicians, Dr. Thomas Myers, Doc. [8] at 1473–74 (Exhibit No. 26F in the administrative record).   Dr. Myers stated that he saw Ms. Hartfield "every 1-3 months from [March 22, 2018] to present."   *Id.* at 1473.   He listed under "diagnoses," "Cervalgia, fibromyalgia, lumbosacral radiculopathy, spinal stenosis in cervical region, myofascial pain, chronic pain syndrome, [and] lumbar spondylosis." *Id.*   Dr. Myers's statement indicated that Ms. Hartfield experiences "severe" pain and suffered from reduced range of motion in raising her legs, with tenderness, muscle spasms, and impaired sleep.   *Id.*   He further stated that Ms. Hartfield would need to rest or recline every hour and ten minutes, that she would likely be absent from work over four times per month, and that her symptoms would worsen with continued activity.   *Id.* at 1474.   Dr. Myers concluded that he would not expect her to "be able to sustain work activity on an 8 hour work day/40 hour work week (without unscheduled breaks or excessive absences) on a regular and continuing basis."   *Id.*

Dr. Myers's treatment records also appear in the record.   According to notes from August 9, 2018, Dr. Myers first saw Hartfield after another physician referred her for her fibromyalgia.   *Id.* at 801.   He reviewed MRIs that revealed "severe spinal stenosis," among other back problems.   *Id.*   Dr. Myers had noted during a previous encounter on July 26, 2018, that Ms. Hartfield was "making improvement overall with daytime [C]ymbalta and nighttime cyclobenzaprine," and that she had "[f]ull [range of motion] in all directions."   *Id.* at 804.

During a December 13, 2018 visit, Ms. Hartfield continued to report significant symptoms, including a 6/10 pain score, with a 7 at worst.   *Id.* at 780. Dr. Myers described her range of motion as follows: "Moderately decreased flexion with leg pain early in [range of motion].   Mildly reduced extension with pain at end-range.   Moderately decreased bilateral flexion with leg pain at end range."   *Id.* Hartfield reported neck pain, lower back pain, and full-body pain, "likely" attributable to "fibromyalgia."   *Id.* at 781.   Dr. Myers wrote that he would reevaluate Hartfield after epidural and bilateral GTB injections, and that Hartfield reported "significant relief in her bilateral arm pain and numbness" after a "C5-6 ACDF procedure" performed by another physician.   *Id.*; *see Fusion from front of neck*, Mayo Clinic, https://www.mayoclinic.org/tests-procedures/spinal-fusion/multimedia/img-20156133 (last accessed March 26, 2024) (describing such a procedure as surgery on the spinal bones of the neck).

During a visit on June 20, 2019, Plaintiff rated her pain at 5/10, and at 7 at worst.   Doc. [8] at 756.   She complained of shortness of breath, joint pain, stiffness,

and difficulty walking.   *Id.* at 756–57.   Before that visit, Plaintiff had "undergone bilateral lumbar facet ablation treatment from L3 to her sacrum and report[ed] greater than 80% improvement in her pain for over 6 months."   *Id.* at 757.

Dr. Myers saw Ms. Hartfield again on December 12, 2019.   *Id.* at 738.   Dr. Myers noted the same pain scores and strength score as he did on June 20, 2019. *Id.* at 740–41.   As for range of motion, Dr. Myers noted, "Full and painless flexion." *Id.*   He scored Plaintiff's strength at 5/5 and noted that she was "[a]ble to toe walk without difficulty."   *Id.*   He observed that Hartfield "has done well with ablation treatment of her lumbar spine."   *Id.*

During a February 6, 2020 encounter, Dr. Myers noted that Hartfield had pain in her entire body that was "mild."   *Id.* at 729.   She reported her pain at a "4/10," with a 7 at worst.   *Id.*   Concerning her range of motion, Dr. Myers also noted, "Full and painless flexion.   Moderately reduced extension with axial pain at end-range," and "Strength: 5/5."   *Id.*   Dr. Myers concluded that Hartfield "has done well with ablation treatment of her lumbar spine."   *Id.* at 730.   The records also list various medications she takes, predominantly to treat her pain conditions.   *See id.* at 730–31.

After a hearing before an Administrative Law Judge ("ALJ") on November 3, 2021, *id.* at 45 (hearing transcript), the ALJ determined that, during the period from July 16, 2016, through December 31, 2020, Ms. Hartfield was capable of performing her past relevant work as a bookkeeper, and that other jobs existed in the national economy that she could have also performed, *id.* at 37.   The ALJ

4

discussed how Hartfield sustained a work-related elbow injury in 2016 and had

back problems, and then reviewed how she had undergone a cervical fusion,

ablation treatment of her lumbar spine, and bilateral iliotibial (IT) band release

procedures successfully.   *See id.* at 30–36.   The ALJ reviewed various physicians'

notes in arriving at her conclusions.   *See id.*   The ALJ's decision also discussed

"the claimant's hearing testimony that indicates she is able to drive and perform

personal care activities and some cleaning/cooking without significant restriction."

*Id.* at 33.

The ALJ gave "little weight to" Dr. Myers's opinion in his medical source

statement, *id.* at 1473–74, "because it is brief, conclusory, and inadequately

supported by clinical findings," *id.* at 35.   The ALJ explained that:

> Dr. Myers primarily summarized the claimant's subjective complaints,
> diagnoses, and treatment, but he did not provide medically acceptable
> clinical or diagnostic findings to support the functional assessment.
> This opinion is inconsistent with the objective medical evidence as a
> whole already discussed above in this decision, which did not show any
> severe degenerative changes.   Additionally, her physical exam notes
> general improvement in her functioning.   Likewise, this opinion is also
> inconsistent with the claimant's admitted activities of daily living that
> have already been described above in this decision.   Thus, the
> undersigned finds this opinion unpersuasive because it is inconsistent
> with the record as a whole.

*Id.* at 36.

The ALJ denied Hartfield's application on December 14, 2021, and the Social

Security Administration's Appeals Council denied her request for review on June 2,

2022, rendering the ALJ's decision the final decision of the Commissioner.   *Id.* at

11.   Ms. Hartfield filed her Complaint [1] in this Court on November 17, 2022,

seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

She then moved for summary judgment on April 3, 2023.   Mot. [13].   On January

30, 2024, United States Magistrate Judge LaKeysha Greer Isaac entered a Report

and Recommendation [18] recommending that the Commissioner's decision be

affirmed.   *See* R. & R. [18].   Plaintiff filed an Objection [19] to the Report and

Recommendation [18] on February 13, 2024.   *See* Obj. [19].

## II.   DISCUSSION

Under 28 U.S.C. § 636(b)(1), "A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."   Plaintiff objects to the Report and

Recommendation [18] on grounds that the ALJ failed to properly consider her

treating physician, Dr. Myers's, opinions, and that if the ALJ had properly done so,

she would have found in her favor.   Obj. [19].   Having conducted the required

review, the Court finds that Plaintiff's Objection [19] should be overruled and that

the Magistrate Judge's findings should be adopted as the findings of this Court.

The Court reviews the Commissioner's denial of Plaintiff's disability benefits

application "only to ascertain whether (1) the final decision is supported by

substantial evidence and (2) whether the Commissioner used the proper legal

standards to evaluate the evidence."   *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021)

(quotation marks and citation omitted).   The ALJ's opinion is supported by

substantial evidence if "a reasonable mind could arrive at the same decision; though

the evidence [supporting the ALJ's decision] 'must be more than a scintilla[,] it need

not be a preponderance.'"   *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021)

(quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)) (second alteration in original).

Plaintiff asserts that the Commissioner of Social Security should have determined that she had a disability.   Obj. [19].   The Social Security Commissioner conducts a five-step analysis to determine whether a claimant is disabled.   *See* 20 C.F.R. § 404.1520(a)(4).   As the Fifth Circuit has explained:

> The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work.

*Webster*, 19 F.4th at 718.   Plaintiff "bears the burden on the first four steps," and if she "advances that far, the burden shifts to the Commissioner to prove the claimant's employability."   *Id.* (internal quotation marks and citation omitted).

Plaintiff asserts that the ALJ's decision violated 20 C.F.R. § 404.1520c on grounds that she did not properly evaluate Dr. Myers's medical source statement under the regulation.   Obj. [19] at 3.   When an ALJ considers a medical source statement, she "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."   20 C.F.R. § 404.1520c(a).   When considering a medical source statement, the ALJ must explicitly consider two factors: "supportability" and "consistency."   *See* 20 C.F.R. § 404.1520c(b)(2) (providing that "supportability" and "consistency" "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions," so "we will explain how we considered the supportability and consistency

factors for a medical source's medical opinions").   Supportability is the extent to which "the objective medical evidence and supporting explanations presented by a medical source" are "relevant."   *Id.*(c)(1).   Consistency factors in how "consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim."   *Id.*(c)(2).   Plaintiff contends the ALJ did not specifically articulate her consideration of the supportability factor in denying her claim for benefits.   Obj. [19].   She further claims that "Dr. Myers identified objective findings such as limited range of motion, muscle spasms, muscle weakness, and impaired sleep," "explained that the more active Ms. Hartfield became, the more pain she would experience," and "documented limited range of motion, tenderness, and medical side effects" in his notes.   Obj. [19] at 2–3 (citing Doc. [8] at 1473–74, 801–02, 729, 742, 757, 781).   According to Hartfield, had the ALJ properly considered the supportability of Dr. Myers's opinion, the Commissioner would have granted her application.   *Id.*

Turning to Ms. Hartfield's first claim, the Court does not agree that she has shown that the ALJ's determination lacked substantial evidentiary support.   *Keel*, 986 F.3d at 555.   The ALJ cited Hartfield's medical records showing improvement in her condition, *see* Doc. [8] at 30–36, and even the medical records that Plaintiff cites in her Objection [19] corroborate that her condition improved over time with treatment, *see id.* at 729, 742, 757, 781, 801–02 (Dr. Myers's treatment notes).   Plaintiff cites these records to show that she had "limited range of motion, tenderness, and medical side effects," yet Dr. Myers's notes on those pages do not

show sustained, severe symptoms that contradict or undermine the basis of the ALJ's finding that Ms. Hartfield's conditions improved with treatment over time. *See supra*, Part I.

Plaintiff's second argument, that the ALJ failed to articulate whether Dr. Myers's opinion was well-supported by objective medical evidence, is similarly unpersuasive.   The ALJ was correct that Dr. Myers's opinion, which he expressed in a two-page questionnaire, was brief and conclusory.   Doc. [8] at 35.   Plainly, his medical source statement itself "did not provide medically acceptable clinical or diagnostic findings to support the functional assessment," given its brevity.   *Id.*; *see id.* at 1473–74 (the medical source statement).   The ALJ also appeared to address Dr. Myers's treatment notes, stating, Hartfield's "physical exam notes general improvement in her functioning."   *Id.* at 36.   This analysis suffices to address the supportability factor because it addresses the medical evidence on which Dr. Myers based his opinion.

Regardless, even if the ALJ failed to adequately articulate her consideration of the evidentiary support Dr. Myers had for his opinion, the Court will not remand unless the ALJ's failure harmed Plaintiff's substantial rights.   *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009) (concluding that errors in administrative rulings are subject to harmless-error analysis).   Here, Plaintiff "fails to show that if the ALJ had given further explanation, then she would have adopted [Dr. Myers's] line of thinking and altered her outcome."   *Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *4 (5th Cir. Nov. 9, 2023) (internal quotation marks and citation

omitted).   The ALJ concluded that Ms. Hartfield could perform her prior work as a bookkeeper and other, similar work in the national economy, because of her improved condition after appropriate treatment.   Doc. [8] at 37.   Plaintiff's generalized assertions that she had pain symptoms, dizziness, fatigue, medication side effects, and reduced range of motion, Obj. [19] at 2–3—supported by citations to treatment notes which in fact indicate that she had moderate or mild pain and mostly normal range of motion, and that her conditions improved after treatment, *see* Doc. [8] at 729, 739, 756–57—do not show prejudicial error, *Walker*, 2023 WL 7443302, at *4.   Accordingly, dismissal of Plaintiff's claims with prejudice is warranted.

### III.   CONCLUSION

The Court will overrule Plaintiff's Objection [19], adopt the Magistrate Judge's Report and Recommendation [18] as the opinion of this Court, and dismiss Plaintiff's Complaint [1] with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [19] of Plaintiff Brandi R. Hartfield is **OVERRULED**, and the Report and Recommendation [18] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on January 30, 2024, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner of Social Security is **AFFIRMED**, and Plaintiff Brandi R. Hartfield's Complaint [1] is **DISMISSED WITH PREJUDICE**.   The Court will issue a

separate Final Judgment in accordance with Rule 58 of the Federal Rules of Civil

Procedure.

**SO ORDERED AND ADJUDGED**, this the 26th day of March, 2024.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE